**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| **V.** | \* | **CRIMINAL NO. PWG-19-0140** |
| **RODNEY MATTHEWS** | \* | |

**MEMORANDUM AND ORDER**

Currently pending are Defendant's Motion for Review of Detention Order and Request for Detention Hearing (ECF No. 214) ("Motion"), Government's Response in Opposition to Defendant's Appeal of Detention Order (ECF No. 216) ("Opposition"), and, in accordance with the court's Order for Supplemental Briefing (ECF No. 217), Defendant's Supplemental Briefing and Reply to Government's Response (ECF No. 220), and the government's supplemental letter in response to the defendant's reply (ECF No. 224).  In addition, the court ordered the production of the defendant's medical records from Chesapeake Detention Facility ("CDF") where the defendant is detained (ECF No. 226) , and those medical records (ECF No. 227) (under seal) have been reviewed by the court.  For the reasons stated below, the Motion (ECF No. 214)  is denied.

A detention  hearing was held in this case on June 26, 2019.  After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing and I issued an Order of Detention summarizing those reasons (ECF No. 68).  Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person

and the community." Defendant argues that the COVID-19 Virus Pandemic constitutes changed circumstances warranting the defendant's release, particularly in light of the fact that he suffers from diabetes. (ECF No. 220 at 2). In support of his motion, the defendant summarily asserts that the inability to practice social distancing in jails makes the transmission of the virus more likely, and that pretrial detention facilities are poorly equipped to manage a crisis of this nature. (Id. at 2-3). Because concerns relating to the COVID-19 pandemic were not present at the time of the defendant's original detention hearing, the court agrees that § 3142(f) allows a reopening of the detention decision.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic" and acknowledges that it can constitute new information warranting a reconsideration of a detention order. United States v. Martin, Crim. No. PWG-19-140-13, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). Notwithstanding these circumstances, however, the decision whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). Id. at 5. In that regard, I have reviewed the bases for my detention order, and I have reweighed the factors under the Bail Reform Act in light of the current public health emergency, the current COVID-19 situation at the facility where the defendant is being held, the defendant's existing medical condition, and the defendant's proposed conditions of release. The record in this case regarding the offenses charged and the defendant's background compel me to conclude that conditions of release cannot be fashioned to address community safety, notwithstanding the potential risk of exposure to the virus that the defendant faces while detained. The court fully analyzed the § 3142(g) factors at defendant's detention hearing. As noted in the court's detention order, and detailed on the record at the

hearing both by the government and the court, an analysis of these factors overwhelmingly supported a finding that detention was appropriate.

As noted at the time of the detention hearing, the defendant is charged with Conspiracy to Distribute 1 kilogram or more of heroin, 280 grams of more of cocaine base, and cocaine in violation of 21 U.S.C. §846, which carries a maximum punishment of 10 years minimum mandatory to life. The government was entitled to the presumption in favor of detention pursuant to 18 U.S.C. §3142(e). The evidence supporting the charges against the defendant is overwhelming. There were wiretaps on multiple phones, including those used by the defendant, which revealed that the defendant was involved on a daily basis in discussing the business of the drug organization including the organization's drug supply, who was working for him as a distributor, where drugs were being stored, and the commission of acts of violence with co-conspirators. (ECF No. 216 at 4-5). Further, the defendant personally sold drugs to an undercover agent. Notably, a search warrant executed at the defendant's house yielded a Winchester shotgun and paperwork demonstrating that the defendant was a member of the Black Guerrilla Family (Id. at 3).

The history and characteristics of the defendant also supported the detention order. At the time of these offenses, the defendant was on probation for possession with intent to distribute narcotics, and the defendant has an outstanding no bond detainer for a violation of that probation.[1] In addition to this narcotics conviction, the defendant has a conviction for armed

---

[1] In his supplemental brief, the defendant curiously notes that "undersigned counsel has conferred with Circuit Court Judge Jeanie Hong, and she is inclined to remove the detainer in light of the extraordinary circumstances." (ECF No. 220 at 3). Although it appears that the detainer is still in place, the possibility that it will be removed is of no consequence to this court's decision to detain the defendant because the pending violation by itself is evidence of the defendant's inability to comply with community supervision.

robbery and while on probation for that offense, the defendant was found guilty of a violation of probation. (Id. at 5-6). The defendant's history of non-compliance with community supervision significantly undercuts any argument by the defendant that he will comply with conditions of release. Based upon all of the above, the court concluded at the time of the detention hearing, by clear and convincing evidence pursuant to § 3142, that there were no conditions of release which would reasonably assure the community's safety. (ECF No. 155).

In his Motion and supplement, defendant argues that he should be released because 1) his living conditions at CDF do not allow for social distancing and CDF will be unable to contain an outbreak of the virus; 2) he is at a greater risk of an adverse outcome should he contract the virus because he has diabetes; and 3) he has proposed release conditions to address concerns regarding danger to the community. (ECF Nos. 214 at 2-3; 220 at 2-3). As this court has previously noted, the public health emergency created by COVID-19 is a significant concern for all those in detention facilities during this global pandemic. The court is concerned for the defendant, and for all others both inside and outside of the detention facility. These concerns, however, do not constitute a basis upon which to release an individual who this court has determined poses a threat to the safety of the community unless the court concludes that the conditions at the detention facility coupled with the defendant's medical conditions warrant a reconsideration of that conclusion.

As to procedures in place at CDF, the government has proffered that comprehensive precautionary measures have been instituted at CDF to avoid a COVID-19 outbreak. (ECF No. 216 at 7-10). Other than noting that social distancing is impossible at CDF, the defendant has not made any specific allegations regarding the conditions at CDF or that any particular practices at CDF are insufficient to address the needs of detainees. Defendant takes issue with the

government's representation that there are no cases of COVID-19 at CDF in the detainee population or with respect to correctional officers and that the defendant does not have the virus. (ECF No. 216 at 7). Defendant maintains that the government's arguments are flawed because CDF has not tested the general population for COVID-19 and, therefore, cannot claim that the defendant or other detainees do not have the virus. (ECF No. 220 at 2). Defendant's arguments are speculative and are not supported by the current status of the COVID-19 situation at CDF. Since the government filed its brief in this case, the court has been advised that, as of May 5, 2020, there were three reported cases of CDF staff testing positive for the virus, and one inmate who did not contract the illness at the facility, but tested positive upon intake. United States v. Ali, Crim. No. ELH-19-280, ECF No. 212 at 4-5. On this record, the court cannot conclude that the conditions at CDF or its protocols are so inadequate as to warrant defendant's release.

Nor has defendant made any specific argument, let alone factual proffer, as to why his medical condition is not being adequately addressed. Indeed, the defendant's medical records clearly establish that CDF has been attentive to the defendant's needs and do not reflect any current, acute needs of the defendant. Consequently, although the court is mindful of the fact that the defendant's diabetic condition exposes him to an increased risk of complications if infected with the virus, that fact alone does not support a reconsideration of the defendant's detention order. As noted by the government, the court has recently denied motions for release where detainees have claimed that they had medical conditions, including diabetes, that made them uniquely vulnerable to COVID-19, but they have not established that those conditions warrant a reconsideration of an order of detention. (ECF No. 224 at 1-2).

The court has also considered the defendant's proposed conditions of release (ECF No. 220 at 2), and notes that those proposed conditions of release are the very same set of conditions proposed at defendant's original hearing, albeit with a different third party custodian. The proposed thirty party custodian is defendant's 80 year old great grandmother who, according to the government, now advises that she is unable to serve as a third party custodian due to her age and underlying medical conditions. (ECF No. 224 at 2). Even if the proposed third party custodian were able to serve, the court concludes now, as it did at the detention hearing in this case, that defendant's proposed conditions of release are inadequate to address community safety concerns. As noted in the government's supplemental letter (<u>Id</u>. at 2), Judge Coulson recently recognized that "[f]aith in Defendant's compliance is undermined by Defendant's prior poor performance on community supervision to include criminal activity." <u>United States v. Gibson-Bey</u>, Crim. No. RDB 19-0563, ECF No. 37 at 5. The same is true as to the defendant here and, as the court found at the detention hearing in this case, there are no conditions or combination of conditions which will reasonably assure the community's safety. (ECF No. 9).

In conclusion, the defendant has not presented any new information that warrants a reconsideration of my Order of Detention in accordance with 18 U.S.C. § 3142(f).[2] Based upon the foregoing, the court concludes that the circumstances proffered by the defendant do not constitute a basis upon which to release an individual who the court has determined poses a

---

[2] Although the defendant has not argued for his temporary release pursuant to 18 U.S.C. §3142(i), the court has considered release under that section and has determined that the defendant has not satisfied the "compelling reason" standard warranting his temporary release pursuant to §3142(i). The court notes that it has herein broadly employed the analysis suggested by the Fourth Circuit in <u>United States v. Creek</u>, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under to §3142(i), even though the <u>Creek</u> order did not explicitly apply this analysis to other provisions of the Bail Reform Act.

threat to the safety of the community. Accordingly, Defendant's Motion (ECF No. 214) is denied.


Date:___5/8/20____              _____/s/_____
                                Beth P. Gesner
                                Chief United States Magistrate Judge